**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SAADIQ SHABAZZ,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-CV-374-P** |
| | § | |
| **BERKSHIRE HATHAWAY DIRECT** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant*. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE RECOMMENDING DISMISSAL
AND RETURNING CASE TO THE DISTRICT JUDGE**

On March 27, 2026, Plaintiff Saadiq Shabazz ("Shabazz"), proceeding *pro se*, filed a Complaint [doc. 1]. (Plaintiff's Original Complaint ("Pl.'s Compl." at 1.)  Federal Rule of Civil Procedure ("Rule") 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a). Rule 11 further provides, a "court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(a).  Here, Shabazz has not signed his Complaint. (*See* Pl.'s Compl. at 1.)  Further, when the Clerk's Office sent mail to the address that Shabazz provided in his Complaint, the mail was returned as undeliverable.  [*See* doc. 6.]  When Shabazz attempted to file an Amended Complaint with the Clerk's Office, Shabazz refused to sign the Amended Complaint and refused to provide an updated mailing address.  (*See* Order Striking and Unfiling Documents at 1 (for the proposition that the Court struck the Amended Complaint for failure to comply with Rule 11(a).)

Consequently, the Court **RECOMMENDS** that the above-styled and numbered action be **DISMISSED** without prejudice.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 27, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 13, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE