**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SAADIQ SHABAZZ, ET AL.,** | § | |
| ***Plaintiffs*,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-CV-374-P** |
| | § | |
| **BERKSHIRE HATHAWAY DIRECT** | § | |
| **INSURANCE COMPANY,** | § | |
| ***Defendant*.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment on Duty to Defend ("Motion"), filed on April 26, 2026 [doc. 17]. As of July 7, 2026, no discovery has been conducted in this case. Further, after the filing of the Motion Plaintiffs filed an Amended Complaint. (*See* Amended Complaint at 1.) Therefore, the Court finds that the Motion is premature.[1] Accordingly, the Court **RECOMMENDS** that Plaintiffs' Motion for Partial Summary Judgment on Duty to Defend [doc. 17] be **DENIED without prejudice**.[2]

**RECOMMENDATION**

For the reasons set above, the Court **RECOMMENDS** that that Plaintiffs' Motion for Partial

[1] The rule "mandates the entry of summary judgment, ***after adequate time for discovery*** and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See* Fed. R. Civ. P. 56(a); *Weaver v. CCA Indus., Inc*., 529 F.3d 335, 339 (5th Cir. 2008).

[2] "[I]n the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *George v. Go Frac, LLC*, No. SA-15-CV-943, 2016 WL 94146, at *2 (W.D. Tex. Jan. 7, 2016); *accord Sewell v. Sewerage & Water Bd. of New Orleans*, 697 F. App'x 288, 291 (5th Cir. 2017); *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016). A motion for summary judgment is premature when "basic discovery has not been completed." *Phongsavane v. Potter*, No. CIVASA05CA0219, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005).

Summary Judgment on Duty to Defend [doc. 17] be **DENIED without prejudice** as premature.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 20, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED July 6, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE